UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALEXANDER SANNER,

    Plaintiff,

  v.

JIM HARRIS,

    Defendant.

:

:

Case No. 2:23-cv-1239
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

After being terminated from his job at Ziebart, Mr. Sanner filed suit for unlawful discrimination and retaliation against his boss, Jim Harris. (Compl., ECF No. 2.) The matter is now before the Court on Mr. Harris's Motion for Judgment on the Pleadings (ECF No. 15), and Mr. Sanner's Motion to Review Category of Damages (ECF No. 25), Objections to the Magistrate Judge's Order (ECF No. 31), Motion for Recusal (ECF No. 32), and Motion for Emergency Hearing (ECF No. 34). For the reasons below, the motions are **DENIED** and the objections **OVERRULED**.

I.    MOTION FOR JUDGMENT ON THE PLEADINGS

    A.    Factual Background

All well-pleaded factual allegations in the Complaint are accepted as true for purposes of the Motion for Judgment on the Pleadings. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). The following summary draws from the allegations in the Complaint and the documents integral to and incorporated in it.

According to the Complaint, Mr. Sanner worked at Ziebart for almost two years before being fired on July 25, 2022. (Compl., PAGEID # 43.) The run-up to his termination began a few weeks earlier.

*July 8, 2022*. On Friday, July 8, Mr. Sanner's manager asked him to work past 5:00 p.m. (*Id*.) But his manager knew that Mr. Sanner could not work past 5:00 on Fridays, due to childcare obligations. (*Id*.)

*July 11, 2022*. When Mr. Sanner reported to work the following Monday, he was suspended for three days. (*Id*.) Mr. Sanner contacted Human Resources to "stat[e his] complaints and concerns about being discriminated against." (*Id*.) He alleges that HR "failed to do an investigation or pursue the matter at all." (*Id*.)

*July 15, 2022*. Mr. Sanner reported to work after serving his suspension. He "was immediately approached by Jim Harris and [a] manager." (*Id*.) The two suspended him for five more days, and "threatened [him] with assault." (*Id*.)

*July 21, 2022*. Mr. Sanner returned after the second suspension to news that he was being terminated. (*Id*.)

B.  **Procedural Background**

Mr. Sanner filed a charge of discrimination with the EEOC on November 25, 2022. (ECF No. 17.) His charge identifies Ziebart as his employer and, in laying out the particulars, names Jim Harris is the "shop owner." (*Id*.) The EEOC issued a Right-to-Sue Letter the following month. (Compl., PAGEID # 45.) Mr. Sanner filed suit in state court as a "Complaint under 42 U.S.C. 2000e-5(f)(1)," alleging that he experienced discrimination and retaliation. (Compl.) After timely removing the action to this Court, Mr. Harris filed an Answer. (ECF No. 3.)

Mr. Harris now moves for judgment on the pleadings, arguing only that Mr. Sanner failed to exhaust his administrative remedies.[1] (ECF No. 15.)

### C. Legal Standard

A motion for judgment on the pleadings made under Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker*, 539 F.3d at 549. To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A motion for judgment on the pleadings should be granted when there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

---

[1] In a section titled "Other Defenses," Mr. Harris indicates that he "believes [he] has other affirmative defenses which [he] must raise at this time in order to avoid them possibly being waived." (ECF No. 15, PAGEID # 92.) He references those other defenses in a cursory manner, unaccompanied by developed argument. They do not merit further consideration at this time.

3

### D. Analysis

Mr. Sanner asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*[2] Any individual alleging unlawful employment practices under Title VII must first file a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). "A corollary of this general rule is that a party must be *named* in the EEOC charge before that party may be sued under Title VII[.]" *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987). But an exception exists when there is "a clear identity of interest" between named and un-named parties. *Id.* (quoting *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984)).

> Courts generally find an identity of interest where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance.

*Id*. The identity-of-interest exception thus seeks to balance Title VII's broad remedial goals with a respondent's due process interests. *See id*.

Mr. Harris argues that Mr. Sanner's Title VII claims against him must fail because Mr. Sanner named only Ziebart—and not Mr. Harris—as a respondent in the EEOC charge. (ECF No. 15, PAGEID # 92.) But the pleadings do not establish whether an identity of interest exists between Mr. Harris and Ziebart. *See Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547–48 (6th Cir. 2013) (finding that the district court erred in dismissing Title VII claims on a motion to dismiss

---

[2] Although Mr. Harris argues that Mr. Sanner's "[s]tate claims are barred by [his] failure to exhaust administrative remedies with the Ohio Civil Rights Commission," (ECF No. 15, PAGEID # 90) the Court does not read the Complaint as alleging a state law claim.

4

because "the record [was] insufficiently developed to allow [the court] to conduct the identity-of-interest analyses"). Instead, the Court would need to consider facts and evidence, which it cannot do on a motion under Rule 12(c). *See also Gavitt*, 835 F.3d at 640 ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings.").

Mr. Harris's Motion for Judgment on the Pleadings is **DENIED**.

## II. MOTION TO REVIEW CATEGORY OF DAMAGES

On June 12, 2023, Mr. Sanner filed a document that he captioned "Motion to Review Category of Damages." (ECF No. 25.) Therein, he addresses the damages he seeks to recover, and "pray[s] this court will investigate & continue to punish people like Jim Harris for violating my civil rights & the law." (*Id.*) The Court sees no need to review Mr. Sanner's proposed damages at this stage of the proceedings. Moreover, the Court does not investigate litigants' claims. The motion is **DENIED**.

## III. OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

On June 8, 2023, Mr. Harris filed a motion seeking "a protective order to establish a framework for the disclosure of confidential documents" produced in discovery. (ECF No. 23.) Mr. Sanner opposed, citing his right to free speech. (ECF No. 28.) The Magistrate Judge granted Mr. Harris's motion, taking the time to explain that Mr. Harris was "not asking for anything exceptional" and the protective order was not intended to infringe on anyone's rights or shroud the litigation in secrecy. (ECF No. 29.) Mr. Sanner objects to the issuance of the protective order. (ECF No. 31.) But the objections only re-argue his claims and other filings (on the protective order and other matters). They provide no reason for the

Court to vacate or modify the Protective Order. Mr. Sanner's objections are **OVERRULED**.

## IV. MOTION TO RECUSE AND MOTION FOR EMERGENCY HEARING

Mr. Sanner filed his first motion seeking recusal of the Undersigned and the Magistrate Judge on June 7, 2023. (ECF No. 21.) The motion was denied because the Court's conduct had been "in accordance with the Federal Rules of Civil Procedure and this Court's Local Civil Rules." (ECF No. 22.) But, as reflected in his second Motion to Recuse (ECF No. 32) and Motion for Emergency Hearing (ECF No. 34), Mr. Sanner is still upset about the way his case is being handled. As before, the Judicial Officers presiding over this case have proceeded in accordance with the applicable rules, and have shown no favor. Mr. Sanner's second Motion for Recusal and Motion for Emergency Hearing are **DENIED**.

## V. CONCLUSIONS

Mr. Harris's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED. Mr. Sanner's Motion to Review Category of Damages (ECF No. 25), Motion for Recusal (ECF No. 32), and Motion for Emergency Hearing (ECF No. 34) are DENIED. Finally, Mr. Sanner's Objections to the Magistrate Judge's Order (ECF No. 31) are **OVERRULED**.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**